**BROWN–McKEE, INC., E. Jack Brown and G.A. Husky, Petitioner and Plaintiff,**

v.

**FIATALLIS CONSTRUCTION MACHIN-ERY, INC., Respondent and Defendant.**

Civ. A. No. CA–5–84–58.

United States District Court,
N.D. Texas,
Lubbock Division.

June 19, 1984.

M. Warlick Carr, Carr, Evans, Fouts & Hunt, Lubbock, Tex., for petitioner and plaintiff.

Stephen L. Johnson, McCleskey, Harriger, Brazill & Graf, Lubbock, Tex., for respondent and defendant.

MEMORANDUM AND ORDER

WOODWARD, Chief Judge.

On the 21st day of May, 1984, a hearing was held in open court with all attorneys present, and after hearing and considering the evidence, the pleadings, and the argument and briefs of counsel, the court enters the following order and memorandum:

A temporary restraining order has heretofore been entered prohibiting the defendant ("Fiatallis") from proceeding with arbitration. The court has before it the motion of Fiatallis to vacate this temporary restraining order and to stay this action pending arbitration. Plaintiff ("Brown-McKee") opposes the motion contending that a permanent injunction should be entered prohibiting any arbitration and to proceed with the trial of this case in due course.

The circumstances giving rise to the subject litigation originated on July 1, 1980, when the parties entered a Sales and Service Agreement (Plaintiff's Ex. 1), whereby Fiatallis designated Brown-McKee as its dealer for the sale and service of the products described in Article 4 of the agreement. Paragraph 21 of this agreement provided for arbitration. The arbitration clause is all-inclusive and was binding on each of the parties as of the date of the Sales and Service Agreement.

Difficulties arose between the parties and on August 15, 1983, Fiatallis filed suit against Brown-McKee in the 237th District Court of Lubbock County, Texas, alleging that Brown-McKee was indebted to Fiatallis in the amount of $714,750.34 together with interest and attorney's fees. In the same action, Fiatallis asked for a writ of sequestration which was issued but later dissolved. The pleadings of Fiatallis in this initial State Court suit did not request or refer to arbitration, but on their face appear to constitute a suit only for the collection of monies alleged to be due and owing.

The parties entered into negotiations while the first case was pending and they entered into an agreement, a copy of which is attached to the briefs, which in effect permitted Fiatallis to take possession and title to its security. But in this agreement, each party reserved any causes of actions, demands, or claims that it might have against the other and the agreement did not prejudice any such claims that either party had.

Later, on April 9, 1984, Fiatallis filed its motion for nonsuit and the first case was dismissed without prejudice (Plaintiff's Ex. 2).

After receiving notification that Fiatallis would proceed with the arbitration provided for in the original agreement, Brown-McKee filed the instant case in State Court, seeking an order that Fiatallis be enjoined and prohibited from proceeding by the way of arbitration, as well as alleging other causes of action against Fiatallis. The State Court entered a temporary restraining order, and the case was subsequently removed by the defendant Fiatallis to federal court. Brown-McKee has since amended its petition to include a claim that Fiatallis violated the antitrust laws.

Basically, Brown-McKee, although recognizing the existence of the arbitration agreement in the original contract between the parties, asserts that Fiatallis by filing the first suit waived its right to compel arbitration. Brown-McKee has established by uncontroverted evidence that as a result of the filing of the State Court suit by Fiatallis, Brown-McKee expended approximately $1,400.00 in attorney's fees and has also utilized one-hundred man hours of its officers and employees in assemblying and gathering information and data to defend the first action. While Fiatallis does not dispute these facts, it contends that the filing of a lawsuit is not alone sufficient to waive an agreement to arbitrate and that there is not sufficient prejudice or hardship resulting to Brown-McKee to constitute the defense of waiver. *See, e.g., Nuclear Installation Services Co. v. Nuclear Services Corp.*, 468 F.Supp. 1187 (E.D.Pa.1979). Fiatallis further asserts that arbitration clauses are to be liberally construed, with any doubts resolved in favor of arbitration. *United Steel Workers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

■ In *Tai Ping Ins. Co. v. M/V Warschau*, 731 F.2d 1141 (5th Cir.1984), the Fifth Circuit Court of Appeals recently held that under the intertwining doctrine, where a party asserts several causes of action, of which at least one lies within the federal court's exclusive jurisdiction, the entire case must remain in federal court despite the presence of an arbitration agreement. *Id.*, at 1146. This approach avoids "encroachment by the arbitrator into an area that Congress has deemed to be within the federal court's exclusive jurisdiction." *Id. (citing Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); *Smoky Greenhaw Cotton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 720 F.2d 1446 (5th Cir.1983); *Miley v. Oppenheimer & Co.*, 637 F.2d 318 (5th Cir.1981);

and *Sibley v. Tandy Corp.*, 543 F.2d 540 (5th Cir.1976), *cert. denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977)).

Fiatallis basically argues that the arbitrable and antitrust claims are legally unrelated and factually distinct. Fiatallis contends that an antitrust claim is not a defense to the enforcement of a contract and thus the promise to arbitrate contained within that contract is not rendered unenforceable by an alleged antitrust violation. Fiatallis also asserts that the contract claim is not intertwined with the antitrust claim and therefore arbitration would be proper. Fiatallis further points out the possibility that parties to arbitration agreements could indefinitely delay arbitration simply by filing frivolous antitrust claims. Fiatallis refers to the timing of Brown-McKee's amending its complaint to include an antitrust claim, in urging the court to order arbitration. Fiatallis also contends that the antitrust claim is defective on its face for failing to allege that the purported violations involved interstate commerce and for being conclusory rather than making specific factual allegations.

Brown-McKee in response contends that its antitrust claim is clearly not an afterthought because the same factual allegations which support its claims of conspiracy, inducement of breach of fiduciary duty, and commercial bribery, all of which were pleaded in its original complaint, also support its antitrust claim. Brown-McKee continues to assert that Fiatallis waived arbitration by filing the first suit, which was later non-suited without notice to Brown-McKee. In distinguishing the cases cited by Fiatallis for its argument that the antitrust claim does not render unenforceable the promise to arbitrate, Brown-McKee contends that in each case the party asserting the antitrust claim was attempting to avoid all liability and the cases simply held that an antitrust claim cannot be asserted as a complete bar to the enforcement of a contract, except where the enforcement of the contract would result in making the court a party to carrying out the restraints forbidden by the antitrust laws. Brown-McKee contends that the contract claims and antitrust claim are intertwined based on its factual allegations that the purchases were fraudulently induced, and the result of a conspiracy, commercial bribery and acts in violation of the antitrust laws.

■ After reviewing the pleadings and other matters before the court, the court is of the opinion that Brown-McKee's antitrust claim is not frivolous, and therefore "constitutes an exception to the broad pro-arbitration policy embodied in the Arbitration Act...." *Tai Ping Ins. Co.*, 731 F.2d at 1146. The facts alleged by Brown-McKee are common to the various alleged legal theories upon which Brown-McKee bases its complaint, and there is an intertwining of the facts as alleged.

Thus, in accordance with *Tai Ping Ins. Co.*, this court concludes that under the intertwining doctrine, the present case is properly before the court and an injunction should issue staying any arbitration proceedings.

■ Further, the court has determined that Fiatallis has waived its right to submit the dispute between the parties to arbitration in accordance with Paragraph 21 of Plaintiff's Ex. 1. Not only did Fiatallis elect to file a suit on its claim in the State District Court, but Fiatallis' action created an expense and expenditure of many man hours by Brown-McKee in preparation for the defense of the first suit. Such resulted in the hardship and a prejudice to Brown-McKee even though some of the data could be used before an arbitration board or in defense of any subsequent suit. Some cases have held that the filing of a suit alone is sufficient to waive the right to submit a claim to arbitration. *American Locomotive Co. v. Chemical Research Corp.*, 171 F.2d 115, 121 (6th Cir.1948), *cert. denied*, 336 U.S. 909, 69 S.Ct. 515, 93 L.Ed. 1074 (1949). Other cases require not only the filing of the suit but also a showing of hardship or prejudice upon the party opposing arbitration as the court has found in this case. *See Nuclear Installation Services Co.*, 468 F.Supp. at 1194.

Therefore, it is ordered that an injunction issue prohibiting Fiatallis from enforcing or utilizing in any way the arbitration clause contained in the original agreement with Brown-McKee.

The attorney for the plaintiff will furnish for entry by the court an injunction against the defendant in accordance with the above.