Jeannine H. SMITH and Harry B. Smith, Jr., Plaintiffs,

v.

PAY–FONE SYSTEMS, INC. and Lewis Greenwood, Defendants.

Civ. A. No. C85–2498A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 9, 1985.

Kevin E. Grady, Alston & Bird, Atlanta, Ga., for plaintiffs.

Steven S. Davis, Bushkin, Gaims, Gaines & Jonas, Los Angeles, Cal., for defendants.

## ORDER

**ROBERT H. HALL, District Judge.**

This action on a franchise agreement is presently before the court on the following motions: (1) defendants' motion to stay judicial proceedings pending arbitration; (2) plaintiffs' motion for default judgment; (3) plaintiffs' motion to strike the defendants' motion to stay and (4) plaintiffs' motion for an injunction staying arbitration. Federal jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1332 and 1337.

### FACTS

Defendant Pay-Fone Systems, Inc. ("Pay-Fone") is a California corporation which provides payroll and other accounting services to customers in California and other states, and which also sells Pay-Fone franchises which allow franchisees to provide payroll services to their own customers under the Pay-Fone banner. Defendant Lewis Greenwood is the president and chief executive officer of Pay-Fone.

On January 24, 1984, the Smiths[1] entered into a franchise agreement with Pay-Fone. On March 11, 1985, Pay-Fone brought suit in California State Court for breach of contract and for a declaratory judgment that the franchise was terminated due to the Smiths' alleged breach of the agreement. On April 16, 1985, the Smiths removed the case to federal court in California, and subsequently filed a motion to dismiss for lack of personal jurisdiction. On May 31, 1985, Pay-Fone voluntarily dismissed the action without prejudice and on that same date Pay-Fone served its Demand for Arbitration upon the Smiths and upon the American Arbitration Association (the "AAA").

On April 11, 1985, plaintiffs filed the present action against defendants alleging the following: (1) price-fixing, tying and unfair competition in violation of section 1 of the Sherman Act (15 U.S.C. § 1); (2) racketeering activities in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO, 18 U.S.C. § 1962(c)); (3) fraud and deceit; (4) an unfair trade practice in violation of Georgia law; (5) unfair and deceptive practices in the conduct of trade and commerce in violation of the Georgia Fair Business Practices Act (Ga. Off'l Code Ann. § 10-1-390 *et seq*); (6) a violation of the Georgia Sale of Business Opportunities Act (Ga. Off'l Code Ann. § 10-1-410 *et seq*); and (7) breach of contract. By stipulation the parties agreed to extend until June 3, 1985, the time within which defendants could respond to the complaint. On June 5, 1985, defendants filed a motion to stay proceedings pending binding arbitration. Further facts will be disclosed as necessary for the discussion of the pending motions.

### DISCUSSION

A) *Plaintiffs' Motion for Default and to Strike Defendants' Motion for a Stay*

Plaintiffs' initial response to defendants' motion for a stay pending arbitration is that the motion does not satisfy the requirements of an answer under the federal rules and that defendants are therefore in default. In the alternative, plaintiffs move to strike the motion for a stay on timeliness grounds.

█ It is true that defendants have failed to file answers to plaintiffs' complaint, as required by Rule 7, Fed.R.Civ.P. In addition, the motion to stay judicial proceedings pending arbitration, while authorized by the Federal Arbitration Act, 9 U.S.C. § 3 (1970), is outside the ambit of those Rule 12(b) motions that suffice as responsive pleadings in lieu of answers. However, federal courts have traditionally entertained certain types of pre-answer motions not specifically provided for in the Federal Rules of Civil Procedure. Included among these are motions to stay proceedings pending arbitration. *First Citizens Municipal Corp. v. Pershing Division of Donaldson, Lufkin & Jenrette Securities Corp.*, 546 F.Supp. 884 (N.D.Ga.1982), *see*

---

**1.** For the sake of clarity, the court will refer to the parties by their names when referring to the California litigation and by their designation as plaintiffs or defendants when referring to the present action.

*generally* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1360 (1969). For this reason, and in consideration of the strong federal policy favoring resolution of disputes on the merits, the court DENIES plaintiffs' for default.

 Alternatively, plaintiffs have moved to strike defendants' motion for a stay on the ground that it was served two days late. The court DENIES this motion. While in no way condoning defendants' tardiness, the court finds that the two-day delay is not a sufficient basis on which to strike the motion; again, a resolution on the merits is preferable.

B) *Defendants' Motion for a Stay Pending Arbitration and Plaintiffs' Motion for an Injunction*

Defendants' motion for a stay and plaintiffs' motion for an injunction center on the same issue—the arbitrability of the dispute presently before the court. Because a resolution of one motion will necessarily resolve the other motion, the court will discuss the two motions together.

Defendants contend that a stay of these judicial proceedings is appropriate because the dispute before the court is subject to arbitration as provided in the contract between the parties. The contract provides the following arbitration clause:

29. ARBITRATION

Except as may be precluded by specifically applicable law of the state in which the franchise business is located, any controversy, dispute, or claim arising out of or relating to this agreement that cannot be settled between the parties hereto by negotiation shall be settled by binding arbitration in accordance with the rules of and utilizing the services of the American Arbitration Association. The prevailing party in such action shall be entitled to reasonable attorney fees and costs, and judgment upon the award rendered by the

arbitrators shall be entered in any court having jurisdiction.

Although this broad arbitration clause appears to require arbitration of the majority of the issues in this case,[2] plaintiffs have advanced several theories to support their contention that the issues in this case are not arbitrable and that in fact arbitration should be enjoined.

 Plaintiffs initially argue that, under principles of Georgia law, the arbitration agreement is unenforceable for two reasons: (1) it is too broad and (2) plaintiffs have revoked their consent to be bound by arbitration. Plaintiffs' reliance on Georgia law is misplaced; instead the agreement is governed by the terms of the Federal Arbitration Act (the "Act"), 9 U.S.C. § 1 *et seq* (1970). This Act applies whenever there is, as in this case, a "written provision in ... a contract evidencing a transaction involving (interstate) commerce to settle by arbitration a controversy thereafter arising out of such contract...." 9 U.S.C. § 2. This Act specifically provides that such agreements are valid and irrevocable.

As stated by the Supreme Court, the Act "is a congressional declaration of a liberal federal policy favoring arbitration agreements *notwithstanding any state substantive or procedural* policies to the contrary. The effect of this section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (emphasis added).

Plaintiffs contend, however, that Georgia law is applicable in this case despite the well-settled rule that state law is inapplicable in cases falling within the coverage of the Act. Plaintiffs base this contention on the initial language of the arbitration clause, "(e)xcept as may be precluded by specifically applicable law of the state in which the franchise business is locat-

---

**2.** The court is aware that plaintiffs' antitrust claims are not arbitrable. See discussion, *infra* pp. 125–126.

ed...." According to plaintiffs, this language makes Georgia law controlling despite the existence of the federal Act. This court disagrees. Numerous federal courts have been presented with a similar argument in cases involving arbitration clauses containing a choice of law provision. The courts have consistently held that the Federal Arbitration Act controls, despite the choice of law provisions. *Huber, Hunt & Nichols, Inc. v. Architectural Stone Co., Inc.*, 625 F.2d 22 (5th Cir.1980); *First Citizens Municipal Corp. v. Pershing Division of Donaldson, Lufkin & Jenrette Securities, Corp.*, 546 F.Supp. 884 (N.D.Ga. 1982); *see also Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir.1982); *Stodolink v. Yankee Barn Homes, Inc.*, 574 F.Supp. 557 (D.Conn. 1983); *Romnes v. Bache & Co., Inc.*, 439 F.Supp. 833 (W.D.Wis.1977). This court agrees that the federal Act controls, despite the language of the contract. Adherance to the language of this arbitration clause would result in a state preemption of federal law in all cases of inconsistencies. As such the Federal Arbitration Act would be rendered meaningless.

Plaintiffs next present certain equitable defenses to enforcement of the arbitration provision. Plaintiffs argue that enforcement of the arbitration provision is barred by the doctrines of unclean hands, laches and/or waiver. The court sees no merit to the first two theories and will focus its discussion solely on plaintiffs' waiver argument.

■ Plaintiffs contend that by instituting the California litigation defendants have waived their right to arbitration. Certainly arbitration is a contractual right which the parties may waive, however, in federal court the filing of an action does not necessarily constitute a waiver. In the present case the court concludes that there was no waiver, for two reasons. First, the court finds that Pay-Fone did not "substantially invok(e) the litigation machinery"[3] by

instituting the California lawsuit, so as to necessitate a finding of waiver. While Pay-Fone's actions were initially inconsistent with the right to arbitrate, within three months of instituting the California lawsuit Pay-Fone dismissed it and moved for arbitration. During this period the Smiths had not answered or made any motions on the merits, but had merely moved to dismiss for lack of personal jurisdiction. In light of the strong federal policy favoring arbitration, the court declines to find this action tantamount to a waiver. *See e.g., Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842 (2nd Cir.1977) (finding no waiver where there had been no answer on the merits).

■ Second, even if the institution of the lawsuit were seen as a substantial invocation of the litigation machinery this would not necessitate a finding of waiver. Because of the strong federal policy favoring arbitration there must not only be an act inconsistent with the right to arbitrate (e.g., institution of a lawsuit) but also substantial prejudice to the other party. *Reid Burton Construction, Inc. v. Carpenters District Council*, 614 F.2d 698 (10th Cir.), *cert denied* 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980); *Shinto Shipping Co. v. Fibrex & Shipping Co.*, 572 F.2d 1328 (9th Cir.1978); *Carolina Throwing Co. v. S&E Novelty Corp.*, 442 F.2d 329 (4th Cir.1971); *ITT World Communications Inc. v. Communications Workers*, 422 F.2d 77 (2nd Cir.1970); *see also Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023 (11th Cir.1982) (implicitly adopting the prejudice requirement, n. 2).

■ In the present case the court fails to see the substantial prejudice to the plaintiffs, defendants in the California action. Plaintiffs contend that they were substantially prejudiced in that they expended sums in removing to federal court, in retaining local counsel and in filing the motion to dismiss. As plaintiffs have not documented the amounts expended in defend-

---

**3.** *E.C. Ernst, Inc. v. Manhatten Construction Co.*, 559 F.2d 268, 269 (5th Cir.1977), in which the court held that waiting two and one-half years after suit had been brought to request arbitration amounted to a waiver.

ing the California suit the court is unable to gauge their substantiality.[4] In any event the court is not convinced that merely defending a lawsuit to the point of a motion to dismiss for lack of personal jurisdiction is the type of substantial prejudice necessary to find a waiver, especially in light of the federal policy favoring arbitration. For these reasons the court rules that defendants herein have not waived their right to arbitration.

Plaintiffs' final argument is that this dispute is not arbitrable because the antitrust claims, which are non-arbitrable,[5] permeate the entire complaint. It is true that in the past the Eleventh Circuit has applied the "intertwining" doctrine, a judicially created exception to the Federal Arbitration Acts' command that a district court stay proceedings pending arbitration.[6] 9 U.S.C. § 3. Under the intertwining doctrine when arbitrable and non-arbitrable claims arise from the same transaction and are inextricably intertwined factually and legally the court may, in its discretion, deny arbitration as to the arbitrable claims and try all the claims together in federal court. *Sibley v. Tandy Corp.*, 543 F.2d 540 (5th Cir.1976) *cert denied*, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977) (involving federal securities claims, which arguably are non-arbitrable). The Supreme Court has recently expressly rejected the intertwining doctrine. In *Dean Witter Reynolds Inc. v. Byrd*, — U.S. —,

105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), a case not cited by either party, the Court held that in cases involving both arbitrable and non-arbitrable claims "the Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Id.*, 105 S.Ct. at 1241. The effect of this decision on the present case is to require a denial of plaintiffs' motion, to the extent that it seeks a total injunction; the mere fact that plaintiffs' antitrust claims may be intertwined with the arbitrable claims is no longer a basis for denying arbitration.

The next issue, therefore, is whether the court should stay the judicial proceedings on the non-arbitrable claims pending the arbitration. The court sees no reason to do this. The court finds Justice White's concurring opinion in *Dean Witter* instructive on this point:

> The Court's opinion makes it clear that a District Court should not stay arbitration, or refuse to compel it at all, for fear of its preclusive effect. And I can perceive few, if any, other possible reasons for staying the arbitration pending the outcome of the lawsuit. Belated enforcement of the arbitration clause, though a less substantial interference than a refusal to enforce it at all, nonetheless significantly disappoints the expectations

**4.** Plaintiffs do contend, in their reply brief filed July 12, 1985, that their attorneys' fees already exceed $8,000. They have not documented this amount. Moreover, plaintiffs admit that this amount includes attorneys' fees for the present litigation, in which, as the court is well aware, extensive briefing has been filed. Plaintiffs appear to argue that the fees in this action are also a prejudice because "plaintiffs relied upon defendants' conduct [an act inconsistent with the defendants' intention to arbitrate] when plaintiffs decided to file suit in this court." (Plaintiffs' Reply Brief, p. 13). The court is not convinced by this argument. Plaintiffs could themselves have demanded arbitration and avoided these litigation expenses. Moreover, as plaintiffs have pointed out, all plaintiffs' claims are not arbitrable and therefore plaintiff would have had to resort to litigation in order to pursue the antitrust claim.

**5.** *Cobb v. Lewis*, 488 F.2d 41 (5th Cir.1974).

**6.** Section 3 of the Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with such arbitration.
> (emphasis added)

of the parties and frustrates the clear purpose of their agreement. In addition, once it is decided that the two proceedings are to go forward independently, the concern for speedy resolution suggests that neither should be delayed. While the impossibility of the lawyers being in two places at once may require some accommodation in scheduling, it seems to me that the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course.

*Id.* at 1245. *See also Dimenstien v. Whiteman,* 759 F.2d 1514 (11th Cir.1985) (an apparent adoption of Justice White's view).[7]

For these reasons the court rules as follows. To the extent defendants' motion seeks a stay of the entire judicial proceedings, it is DENIED. The court will stay the proceedings as to the arbitrable claims. However, the parties are DIRECTED to proceed in this forum on plaintiffs' antitrust claims. Defendants should file their answers by August 29, 1985. To the extent that plaintiffs' motion seeks to enjoin all arbitration, it is DENIED. The court will enjoin arbitration of the non-arbitrable antitrust claims. However, the parties are DIRECTED to proceed to arbitration on the arbitrable issues. Additionally, the parties are instructed to keep the court apprised of the progress of the arbitration and to provide the court with a copy of the arbitrator's final decision.

In summary, the court:

1) DENIES plaintiffs' motion for a default judgment;

2) DENIES plaintiffs' motion to strike defendants' motion to stay;

3) DENIES defendants' motion to stay these proceedings pending arbitration (see the discussion, *supra* for clarification); and

4) DENIES plaintiffs' motion to enjoin arbitration (see the discussion, *supra* for clarification).

---

**7.** *But see Shihadeh v. Dean Witter Reynolds, Inc.,* 766 F.2d 461 (11th Cir.1985), in which a different panel of the Eleventh Circuit declined to decide this issue. Instead, the case was remanded to allow the district court to decide it. After careful consideration of relevant Eleventh Circuit caselaw, including *Raiford v. Buslease,* 745 F.2d 1419 (11th Cir.1984), this court has adopted Justice White's view, particularly in light of the Court's statements in *Dean Witter* concerning the possible preclusive effect of an arbitrator's decision. *Id.,* —— U.S. ——, 105 S.Ct. at 1243–44.