**PRUDENTIAL–BACHE SECURITIES, INC., Plaintiff,**

v.

**Thomas D. STEVENSON, et al., Defendants.**

**Civ. A. No. H–87–3806.**

United States District Court, S.D. Texas, Houston Division.

Feb. 22, 1989.

---

Thomas Hutcheson, Hutcheson & Grundy, Houston, Tex., for plaintiff.

Kurt Arbuckle, Houston, Tex., for defendants.

### ORDER

HITTNER, District Judge.

### FACTS

Plaintiff Prudential–Bache ("Pru–Bache") seeks a judgment against Defendants Thomas and Beverly B. Stevenson for an alleged $905,045 debit balance in their joint account, allegedly owed to Plaintiff since November, 1987.

In October, 1987, the Stevensons incurred substantial losses in their joint account in connection with various securities transactions. Consequently, Pru–Bache asked them to deposit additional funds into the joint account to satisfy margin requirements as required by their customer agreement. The Defendants delivered to Plaintiff a personal check for $20,000; however, Defendants subsequently allegedly refused to meet the remainder of the margin call or to pay the debit balance in their account and they stopped payment on the check. As a result, Pru–Bache has been liquidating certain portions in the joint account and in Mrs. Beverly Stevenson's individual account. Plaintiff alleges that a debit of $905,045 still remains.

On December 2, 1987, Plaintiff filed this action against Thomas Stevenson in his individual capacity and in his capacities as coadministrator of the estate of his mother ("the Estate") and as cotrustee of a testamentary trust ("the Trust") created under the will of his father. Also named in the suit are Thomas Stevenson's brother Wilmer M. Stevenson, Jr., in his individual capacity and as coadministrator and cotrustee of the above Estate and Trust, and Wilmer Stevenson's wife, Marilyn Stevenson. Plaintiff seeks: (1) damages in the amount of $905,405; (2) a declaratory judgment confirming its alleged lien on the interests of the Thomas Stevensons in both the Trust account and the Estate account with Pru–Bache; and (3) an order partitioning into equal shares the corpus of the Trust account into two separate accounts, one for the benefit of Pru–Bache and one for the benefit of Wilmer Stevenson.

In their answer, Defendants Thomas and Beverly Stevenson have asserted a counterclaim alleging that Plaintiffs have violated the Securities Exchange Act of 1934 and have committed common law fraud, breach of contract, and negligence. Defendants seek $1 million in damages.

On January 14, 1988, Plaintiff answered the counterclaim, specifying that such answer neither waived nor affected its right to arbitration of disputes pursuant to

agreements between Pru–Bache and the Stevensons.

On May 23, 1988, Plaintiff moved to compel arbitration and to stay proceedings in this case pending completion of arbitration. Defendants oppose the motion. For the reasons stated below, the motion is denied.

## DISCUSSION

Plaintiff, Pru–Bache, asserts that upon a motion to compel arbitration the Federal Arbitration Act, 9 U.S.C. §§ 1–14, 201–208, mandates that this Court enforce written agreements between a brokerage firm and its customers requiring the parties to submit to compulsory arbitration all legal disputes involving the customers' accounts. Plaintiff cites *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), to support its entitlement to the relief requested.

Defendants contest the existence of an arbitration agreement with respect to the disputed account and also assert that enforcement of the relevant arbitration clause would be unconscionable. This Court, however, need only address Defendants' additional contention that by commencing litigation and causing prejudice to Defendants, Plaintiff has waived any alleged right to arbitrate.

■ Courts disfavor a finding that arbitration has been waived, and there is a presumption against waiver. *Lawrence v. Comprehensive Business Servs. Co.*, 833 F.2d 1159, 1164 (5th Cir.1987). There is, however, no settled rule as to what circumstances constitute a waiver. *Valero Ref., Inc. v. M/T Lauberhorn*, 813 F.2d 60, 65 (5th Cir.1987).

■ Although the question of waiver depends on the facts of each case, generally "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewery Co. v. Fort Worth Distrib. Co., Inc.*, 781 F.2d 494, 497 (5th Cir.1986) (footnote omitted). Prejudice may result from lost evidence or duplication of efforts, *Sea–Land Serv., Inc. v. Sea–Land of Puerto Rico, Inc.*, 636 F.Supp. 750, 757 (D.P.R. 1986), or from use by the party seeking to compel arbitration of discovery methods unavailable in arbitration, *Parcel Tankers, Inc. v. Formosa Plastics Corp.*, 569 F.Supp. 1459, 1467 (S.D.Tex.1983).

■ Thus, even when some litigation activity has occurred, courts have been reluctant to find a waiver of the right to arbitrate absent prejudice. *E.g., Valero Ref.*, 813 F.2d 60 (no waiver when defendant seeks maritime attachment and permits plaintiff to take depositions while reserving right to arbitrate); *General Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924 (5th Cir.1970) (no waiver merely because movant answered complaint and allowed taking of depositions before seeking arbitration). Although failure to assert a prelitigation demand for arbitration does not in itself constitute a waiver, such failure may contribute to a finding of prejudice necessary to constitute waiver. *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1161 (5th Cir.1986). Such prejudice may be derived from the lack of notice to the nonmovant of the movant's intent to arbitrate. *See id.*

■ The instant action may thus be distinguished from cases in which the courts failed to find a waiver. In *Price* and many of the cases involving a question of waiver, the Defendant sought to compel arbitration. Conversely, in the instant action it is the Plaintiff, who, despite having failed to demand or even mention arbitration in its complaint, now seeks to compel arbitration. Clearly, judicial due process concerns are heightened in situations in which it is the defendant who, having been hailed into court, is deprived of notice of the plaintiff's interest in arbitration. *Cf. Sea–Land Serv., Inc.*, 636 F.Supp. at 757 (court granting plaintiff's motion to compel arbitration noted "[t]his is not … situation where … party initiates judicial proceedings without mentioning or referring to arbitration").

In *Brown–McKee, Inc. v. Fiatallis Constr. Mach., Inc.*, 587 F.Supp. 38 (N.D. Tex.1984), the court held that a defendant who had previously initiated a suit against the plaintiff, and caused great expendi-

tures of labor and money constituting prejudice, had waived any current right to compel arbitration. *Id.* at 40. Likewise, although the extent of discovery undertaken here is unclear, Defendants have incurred attorneys' fees and expenses in excess of $5,000 connected with the preparation of their answer.

Plaintiffs cite *Smith v. Pay–Fone Systems, Inc.,* 627 F.Supp. 121 (N.D.Ga.1985), for the proposition that mere invocation of the judicial process is insufficient to constitute waiver. We do not necessarily disagree with that proposition. The *Pay–Fone* court actually concluded, however, that there are two requisites to waiver—substantial invocation of the judicial process *and* the existence of prejudice to the other party—and that neither requisite was present there. *Id.* at 124. Thus, *Pay–Fone* provides that, absent prejudice, mere filing of suit does not waive the Plaintiff's right to arbitrate. The question, however, of whether certain additional acts or omissions combine to constitute the requisite prejudice to the nonmovant must be determined on a case-by-case basis.

Unlike the case at bar, it was the defendant in *Pay–Fone* who sought a stay of judicial proceeding, after dismissing its previously commenced federal action within three months of filing and before the defendants in that suit had even answered the complaint. *Id.* at 124. Additionally, the defendants in that previous suit (the *Pay–Fone* plaintiffs) had not documented the costs incurred in defending that suit, and were thus unable to provide the forum with any evidence tending to show prejudice. Conversely, the Plaintiff here has not voluntarily dismissed the action, the Defendants have answered the complaint, the Court has held a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure, and the Defendants have documented by affidavit the costs incurred to date.

Based upon the foregoing, the Court finds that Plaintiff's actions in this case caused prejudice to Defendants sufficient to effect a waiver of any existing right of Plaintiff to arbitration. Plaintiff cannot invoke the jurisdiction of the Court, permit six months to pass, and then seek an alternative forum by a motion to compel arbitration. The fact that Plaintiff attempted to reserve a right to arbitrate the counterclaims filed against it is of no consequence to this Court's finding.

Inasmuch as the Court finds Plaintiff has waived its right to arbitration, Plaintiff is plainly "in default" under the stay provision of the Arbitration Act, 9 U.S.C. § 3, and thus is not entitled to a stay. 9 U.S.C. § 3 (1982).