**BRAMCON GENERAL CONTRACTORS, INC.,** Appellant,

v.

**WIGLEY CONSTRUCTION COMPANY,** Appellee.

No. 08–89–00102–CV.

Court of Appeals, of Texas, El Paso.

July 5, 1989.

Steven E. Kennedy, Canterbury, Stuber, Elder & Gooch, Dallas, for appellant.

Thomas A. Shiels, Matthews, Carlton & Stein, Dallas, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

Summary judgment was granted in favor of a subcontractor for the balance due under a contract with the general contractor. We affirm.

Appellee Wigley Construction Company was a subcontractor under a written contract with the contractor Appellant, Bramcon General Contractors, Inc. The total contract price was $173,000.00. Appellee had been paid a total of $143,769.92 when this controversy arose as to the remaining balance of $29,230.08. The Appellant's defense to its failure to pay the balance due the Appellee was that the contract was a contingent payment contract. Appellant asserted that since it had not been paid, there was no obligation to pay Appellee.

Appellee then filed its Motion for Summary Judgment and obtained a trial setting. At that point, the Appellant filed a motion and then an Amended Motion to Compel Arbitration and Stay Civil Proceedings. The Amended Motion to Compel Arbitration and Stay Civil Proceedings was heard and overruled by the trial court. The trial court then heard and granted the Appellee's Motion for Summary Judgment.

Point of Error No. One asserts that the trial court erred in granting Appellee's Motion for Summary Judgment for the reason that Appellant's Motion to Compel Arbitration should have been granted.

Appellee Wigley Construction Company, as subcontractor, and Appellant Bramcon General Contractors, as contractor, entered into a written contract dated November 15, 1985. The first page of the contract contained the following language:

THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE TEXAS ARBITRATION ACT (ARTICLES 224 THROUGH 249).

The trial court overruled the Appellant's Amended Motion to Compel Arbitration and to Stay the Civil Proceedings. The question before us is: DID APPELLANT WAIVE ITS RIGHT TO HAVE THE CONFLICT ARBITRATED?

■ Whether there has been a waiver of the right to arbitrate depends on the facts of each case. Waiver may be done expressly or by implication. *Burton–Dixie Corporation v. Timothy McCarthy Construction Company*, 436 F.2d 405 (5th Cir. 1971). If a waiver is to be implied, the intention must be ascertained from the facts of the case. *Spain v. Houston Oilers, Incorporated*, 593 S.W.2d 746 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ).

■ The trial court did find waiver of the right to compel arbitration and made certain findings of fact in his order denying defendant's Motion to Compel Arbitration and Stay Civil Proceedings. The trial court specifically found Appellant waived the right to arbitration by:

(1) Failing to request arbitration after plaintiff made a pre-trial demand for payment;

(2) By failing to request arbitration prior to filing an answer;

(3) By failing to plead the alleged arbitration clause in defendant's answer;

(4) By failing to request arbitration at the time plaintiff requested a trial date;

(5) By failing to request arbitration at the time a trial date was set; and

(6) By failing to request arbitration prior to plaintiff's filing its Motion for Summary Judgment.

The trial court also found that to allow arbitration would cause prejudice to plaintiff, and that it would not be in the interest of justice.

A trial court's findings of fact will be upheld unless they are manifestly erroneous, and they will be overruled only when they are without any evidence of probative force to support them or where they are so against the great weight and preponderance of the evidence as to be manifestly wrong. *Miller v. Puritan Fashions Corporation*, 516 S.W.2d 234 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). *Keeton v. Gillam Soap Works*, 215 S.W.2d 675 (Tex. Civ.App.—Amarillo 1948, writ ref'd n.r.e.). The trial court's decision on arbitration was supported by the evidence.

Point of Error No. One is overruled.

We affirm the judgment of the trial court.