**TRANSWESTERN PIPELINE COMPANY, Appellant,**

v.

**HORIZON OIL & GAS COMPANY, Appellee.**

No. 05–90–01549–CV.

Court of Appeals of Texas, Dallas.

April 23, 1991.

Rehearing Denied June 10, 1991.

---

**2.** The City does not challenge the trial court's abatement of the condemnation proceedings.

Berry D. Bowen, and Cary V. Sorenson, Enron Litigation Unit, Houston, for appellant.

Robert B. Payne, Richard M. Kirwan, F. Franklin Honea, and Talmage Boston, Payne & Vendig, Dallas, for appellee.

Before ENOCH, C.J., and T.C. CHADICK[1] and SPENCER CARVER[2], JJ. (Retired Sitting by Assignment).

## OPINION

ENOCH, Chief Justice.

This is an interlocutory appeal from an order denying a motion to compel arbitration and stay litigation. The trial court granted an opposing application to stay arbitration and ordered the case proceed to trial. We reverse the judgment of the trial court.

## FACTS

Transwestern Pipeline Company and Horizon Oil & Gas Company were parties to seven gas purchase contracts entered into over time. Six of these contracts contained arbitration clauses. After disputes arose concerning the prices Transwestern would pay for gas under these contracts, the parties entered into a settlement agreement. Under the terms of this agreement, Horizon received a lump sum payment as compensation for agreeing to restructure future pricing schedules. This new agreement contained no arbitration clause.

Horizon subsequently alleged that Transwestern misrepresented the amount of money actually being given up by Horizon and that the prices eventually paid did not correspond to the revised schedules. Horizon filed suit seeking, along with other relief, damages for the fraudulent inducement of the settlement agreement, claiming that the lump sum award under the agreement should be increased. Transwestern answered the suit with a general denial and later sought a protective order in response to Horizon's discovery requests. After settlement attempts were apparently unavailing, Transwestern filed its motion to stay the proceedings and compel arbitration. In response, Horizon filed its motion to stay arbitration. The trial court granted Horizon's motion and made specific findings regarding the terms of the settlement agreement, Transwestern's waiver of its right to compel arbitration, and prejudice to Horizon. It is from this order that Transwestern appeals.

## APPLICABILITY OF ARBITRATION CLAUSE

Transwestern complains that the trial court misinterpreted the settlement agreement by finding the arbitration clauses in the underlying gas purchase contracts do not apply. Transwestern asserts that a dispute over the amount of the lump sum payment it made to Horizon in settlement for the pricing schedule restructuring must arise out of the underlying contracts. Consequently, it maintains, any such dispute must be submitted to arbitration pursuant to the arbitration clauses contained in those contracts. We agree.

■■■ There is a strong presumption favoring arbitration; any doubts concerning the scope of the issues to be submitted to arbitration should be resolved in favor of arbitration. *Nordin v. Nutri/System, Inc.*, 897 F.2d 339, 344 (8th Cir.1990); *see Brazoria County v. Knutson*, 142 Tex. 172, 176 S.W.2d 740, 743 (Tex.1943). Every reasonable presumption must be indulged to uphold arbitration proceedings. *Manes v. Dallas Baptist College*, 638 S.W.2d 143, 145 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). When an agreement incorporates another agreement which provides for arbitration, the subsequent agreement should spell out in unequivocal terms those provisions or terms expressly excluded. *Griffin v. Semperit of Am., Inc.*, 414 F.Supp. 1384, 1393 (S.D.Tex.1976).

■■■ It is uncontested that the settlement agreement does not contain an arbitration clause. However, the agreement expressly states that the pricing dispute arises from the underlying contracts and plainly states that the purpose of the agreement is to effect a modification of the contracts. Additionally, quoting from the agreement itself: "Except as herein modified and super-

---

**1.** The Honorable T.C. Chadick, Justice, Retired, Supreme Court of Texas, sitting by assignment.

**2.** The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

ceded, all terms and conditions of the contracts shall remain in full force and effect." This language is clear and unambiguous. The agreement states that the underlying contracts' terms will remain in force unless expressly modified; if any conflicts or inconsistencies between the agreement and the contracts exist, the provisions of the agreement are controlling. We find no conflict or inconsistency regarding arbitration. The arbitration clauses of the underlying contracts remain valid and must be enforced when resolving any dispute which arises from the contracts, as modified. To reach Horizon's position, that the settlement agreement is a separate and different contract not subject to the arbitration clauses of the underlying contracts, requires that we conclude the agreement arose in a vacuum, independent of the underlying contracts. The plain language of the agreement reads to the contrary.

Horizon points to other language in the agreement that mentions legal or judicial action. The claim is that this language contemplates judicial action as the method of dispute resolution which will resolve all controversies which the settlement agreement generates. This language is found in a particular clause of the agreement which deals with maintaining the confidentiality of the agreement. Taken in context, this provision does not provide the express exclusion in unequivocal terms which *Griffin* contemplates, and does not remove disputes arising from the agreement from the arena of arbitration.

We find the boilerplate language of the agreement to which Horizon also directs us equally unpersuasive. Even if we were to agree that "This Agreement contains the entire agreement between the parties ..." (ignoring that language quoted earlier that all terms not modified or superceded remain in full force and effect), this clause goes on to recite that it relates "to the subject matter hereof," which is the modification of the pricing schedules and compensation for future adjustments thereof. Nothing in the settlement agreement removes disputes arising from it from the arbitration clauses of the underlying con-

tracts. We sustain Transwestern's first and second points of error.

## WAIVER

Having held that the dispute arising from the settlement agreement was subject to resolution under the arbitration clauses of the underlying contracts, we reach the question of whether or not Transwestern waived its rights to invoke the arbitration process. Transwestern alleges that no such waiver took place; it argues that none of the actions it took were inconsistent with its right to initiate arbitration at some future date.

■ The right to arbitrate, like any other contractual right, may be waived. *Price v. Drexel Burnham Lambert, Inc.,* 791 F.2d 1156, 1158 (5th Cir.1986). Waiver may be express or by implication, but a finding of waiver depends on the facts of each case. And if waiver is to be implied, the intention must be ascertained from the facts of the case. *Bramcon Gen. Contractors, Inc. v. Wigley Constr. Co.,* 774 S.W.2d 826, 827 (Tex.App.—El Paso 1989, no writ). However, a finding of waiver is disfavored, and there is a presumption against it. *Prudential–Bache Sec., Inc. v. Stevenson,* 706 F.Supp. 533, 535 (S.D.Tex. 1989); *USX Corp. v. West,* 759 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ A determination that a party has waived its right to compel arbitration is a question of law subject to de novo review. *Frye v. Paine, Webber, Jackson & Curtis, Inc.,* 877 F.2d 396, 398 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990); *Price,* 791 F.2d at 1163. However, a trial court's finding of prejudice to support that conclusion will only be overturned if clearly erroneous. *Price,* 791 F.2d at 1163; *Bramcon,* 774 S.W.2d at 827.

■ It has long been the law in this state that even though a party may have once waived a contract right in the past, it may enforce that right in the future by giving notice of its intention to do so. *See A.L. Carter Lumber Co. v. Saide,* 140 Tex. 523, 168 S.W.2d 629, 630 (Tex.1943); *Ford*

*Motor Credit Co. v. Washington*, 573 S.W.2d 616, 618 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.). Horizon's argument, and the trial court's finding, that Transwestern had settled a previous dispute without compelling arbitration is, therefore, of no import in the instant case.

We likewise find unpersuasive the argument that Transwestern failed to invoke the arbitration clause in its answer or prior to its filing, or before the setting of an initial trial date. It is arbitration *and award* that must be pleaded as an affirmative defense, not merely the right to compel arbitration. *See* TEX.R.CIV.P. 94. Neither is it necessary for a party to make a pre-suit demand for arbitration. *USX Corp.*, 759 S.W.2d at 768. The filing of a general denial to prevent entry of a default judgment in and of itself is insufficient to deny Transwestern the right to later seek to compel arbitration. In addition, we find that Transwestern's filing of its motion for a protective order in response to Horizon's discovery request (discovery which may not be available in arbitration) fails to reach such a level of substantial invocation of the judicial process as to constitute waiver. *Frye*, 877 F.2d at 398; *Prudential–Bache*, 706 F.Supp. at 535.

Finally, we reach the trial court's finding that Horizon would be prejudiced if it were compelled to submit this dispute to arbitration at this time. A party would, without question, be prejudiced "by being forced to bear the expenses of a trial.... Substantially invoking the litigation machinery qualifies as the kind of prejudice ... that is the essence of waiver." *Miller Brewing Co. v. Fort Worth Distrib. Co., Inc.*, 781 F.2d 494, 497 (5th Cir.1986). However, Transwestern's purely defensive measures in response to Horizon's actions did not substantially invoke the judicial process to Horizon's detriment or prejudice. Additionally, the mere fact that Horizon has expended funds for legal fees is insufficient to establish prejudice. In deciding to initiate and prosecute its lawsuit, Horizon voluntarily incurred these expenses and assumed liability for these costs. It cannot now be argued that these self-in-flicted wounds establish prejudice to Horizon and prevent Transwestern from invoking its right to compel arbitration. Nothing before us demonstrates that these same expenses would not have been incurred during arbitration, or would not have provided a benefit to Horizon in resolving this dispute in that forum. Consequently, we conclude that the facts and circumstances of this case require that we reach a decision contrary to the one made by the trial court. We find that Transwestern did not waive its right to compel arbitration, and, therefore, sustain Transwestern's third point of error.

For the reasons outlined above, we reverse the judgment of the trial court denying arbitration and ordering the case proceed to trial. The dispute concerning the settlement agreement, arising from those gas contracts containing an arbitration clause, shall proceed to resolution under the terms of those arbitration clauses. Furthermore, because of the non-severable nature of the dispute involving that singular contract not containing such an arbitration clause, we sustain Transwestern's fourth point of error and the proceedings of the trial court shall be stayed pursuant to Section D of Article 225 of the Texas Revised Civil Statutes Annotated.