MARBLE SLAB CREAMERY, INC. & Ronald Hankamer, Appellants,

v.

WESIC, INC., Appellee.

No. A14–91–00721–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 1992.

Benjamin C. Wilson, W. Ted Minick, Houston, for appellants.

Roger Rider, Susan E. Brownlee, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from the denial of an application to compel arbitration filed by appellant, Marble Slab Creamery, Inc. (Marble Slab). Marble Slab brought suit against appellee, Wesic, Inc. (Wesic), its franchisee, seeking an injunction and damages for the breach of two franchise agreements. After prosecuting the suit for approximately eight months, Marble Slab filed its application to compel arbitration. The trial court denied the application. Marble Slab then perfected this interlocutory appeal under article TEX.REV.CIV.STAT. ANN. art. 238–2, sec. A(1) (Vernon 1973).[1] Appellant raises eight points of error on appeal complaining that the trial judge erred in finding that Marble Slab was not entitled to arbitration, and in denying its application to compel arbitration. We affirm.

In 1987, Marble Slab and Wesic entered into a Master Development Agreement for the development of Marble Slab Creamery franchises in the Dallas–Fort Worth area. On May 31, 1987, Wesic executed two franchise agreements for the first two franchises in Dallas. In October 1990, Marble Slab brought suit against Wesic for breach of the franchise agreements. Marble Slab sought damages for unpaid royalty and advertising fees, and injunctive relief to prevent Wesic from continuing operations as a Marble Slab franchise. An agreed temporary injunction was entered on December 14, 1990. Wesic filed an answer and counterclaim against Marble Slab for misrepresentations and material omissions made during franchise negotiations by its President, Ronald Hankamer (Hankamer). Wesic alleged these actions by Hankamer

---

1. Article 238–2, sec. A(1) provides:

    Sec. A.  An appeal may be taken from:

    (1) An order denying an application to compel arbitration made under Section A of Article 225;

constituted fraud and were deceptive trade practices. On January 29, 1991, the trial court ordered the case referred for mediation. However, mediation was not productive and the case did not settle. Wesic then filed a third party petition against Hankamer, individually, for the misrepresentations and material omissions made during negotiations, for fraud in the inducement, and for D.T.P.A. violations. On June 4, 1991, with trial set for July 15, 1991, Marble Slab filed a motion to compel arbitration based on a clause in the Master Development Agreement. The trial court denied the motion and Marble Slab perfected this appeal.

All eight of Marble Slab's points of error are based on the premise that the trial court erred in finding Marble Slab was not entitled to arbitration and in denying its application to compel arbitration. In the order denying the application, the trial court based its decision on these findings:

1) The arbitration provision ... is inapplicable to its cause of action ... for breach of the franchise agreements;

2) ... Hankamer, is not a party to the Master Development Agreement upon which [the] application is based;

3) [Marble Slab] has waived its right to seek arbitration by substantially invoking the judicial process to the detriment of Wesic.

Marble Slab, in points of error five through eight, complains that the trial court erred in finding that it had waived its right to seek arbitration, that it had substantially invoked the judicial process, and that it had harmed or in any way detrimentally affected Wesic. It alleges that there is no evidence to support the trial court's findings. Additionally, Marble Slab argues that it timely and properly exercised its contractual right to arbitration of all disagreements.

■ There is a presumption against the waiver of a contractual right to arbitration because of a strong policy in favor of enforcing arbitration agreements. *USX Corp. v. West,* 759 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1988, no writ). If the party seeking arbitration has substantially invoked the judicial process to the detriment of the other party, however, then waiver will be found. *Id. See Miller Brewing Co. v. Fort Worth Distributing Co.,* 781 F.2d 494, 497 (5th Cir.1986) (plaintiff who filed suit and busily pursued legal remedies for over eight months before demanding arbitration, waived right to arbitration). The trial court's finding that Marble Slab waived its right to compel arbitration is a question of law and is subject to review by this Court. *Transwestern Pipeline Co. v. Horizon Oil & Gas Co.,* 809 S.W.2d 589, 592 (Tex.App.—Dallas 1991, writ dism'd w.o.j.).

■ Marble Slab brought this suit based on a breach of the franchise agreements and sought injunctive relief from the court. The two volumes of the transcript reveal Wesic answered the suit, was placed under a temporary injunction, filed counterclaims, filed a third-party petition, actively prosecuted the counterclaims and third-party suit, was ordered to submit to mediation, participated in depositions, and responded to requests for admissions, requests for production and interrogatories. Marble Slab actively prosecuted this suit, availing itself of both the equitable and legal protections of the trial court, and never once mentioned the Master Development Agreement or any right to arbitration. Even in its third amended petition, Marble Slab still alleged only breach of the franchise agreements. Then a little over a month before the case was set for trial, like a magician pulling a rabbit from a hat, "poof", Marble Slab filed an application for compulsory arbitration of all disputes. The trial court's finding of waiver is not error. Such active pursuit of its legal remedies by Marble Slab is substantially invoking the judicial process and is sufficient to constitute waiver of its right to compel arbitration. *Id.* at 593. *See Miller Brewing,* 781 F.2d at 497; *Brown–McKee, Inc. v. Fiatallis Constr. Machinery, Inc.,* 587 F.Supp. 38, 40 (N.D.Tex.1984).

■ As to Marble Slab's allegation that there is no detriment or harm to Wesic by its pursuit of this lawsuit, we disagree. The trial court's finding of prejudice to Wesic will not be overturned unless it is

clearly erroneous. *Transwestern Pipeline*, 809 S.W.2d at 592. The extensive use of pretrial discovery by Marble Slab, which would be unavailable in arbitration proceedings, is prejudicial to Wesic's legal position. Marble Slab obtained an injunction against Wesic doing great potential harm by way of this judicial writ. Additionally, the expense to Wesic for attorney's fees and discovery costs in defending this suit is also evidence of harm and prejudice. *Id.* at 593. *See generally Frye v. Paine, Webber, Jackson & Curtis, Inc.*, 877 F.2d 396, 399 (5th Cir.1989), *cert. denied*, 494 U.S. 1016, 110 S.Ct. 1318, 108 L.Ed.2d 493 (1990); *Miller Brewing*, 781 F.2d at 497. In this case where arbitration was requested by the party bringing suit approximately a month before trial, the trial court's finding of prejudice is not clearly erroneous.

▆▆▆▆ Despite Marble Slab's allegations to the contrary, there is ample evidence to support the trial court's findings and its denial of the application. The trial court made its decision based on the application to compel, Wesic's response, and the record of the case on file. The trial court is entitled to take judicial notice of its own records where the same subject matter between the same parties is involved. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274, 276 (1961); *Mitchell v. Baum*, 668 S.W.2d 757, 761 (Tex.App.—Houston [14th Dist.] 1984, no writ). As the reviewing court, we may presume that the trial court took such judicial notice of the record without any request being made and without any announcement that it has done so. *Vahlsing, Inc. v. Missouri Pacific R.R.*, 563 S.W.2d 669, 674 (Tex.Civ.App.—Corpus Christi 1978, no writ). A review of the transcript, as discussed above, shows Marble Slab's allegation of no evidence to support the trial court's findings is without merit. We overrule Marble Slab's points of error five through eight.

Marble Slab raises four other points of error regarding its entitlement to compulsory arbitration. Although we are in accord with the trial court's findings on these issues, our finding of waiver on the part of Marble Slab makes a determination of the other points moot. The judgment of the trial court is affirmed.