EZ PAWN CORPORATION, d/b/a,
EZ Pawn and Dennis Terry,
Appellants,

v.

Roel Adrian GONZALEZ, Appellee.

No. 13–95–465–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 29, 1996.

Rehearing Overruled March 28, 1996.

William M. Mills, McAllen, Andrew W. Austin, Francine L. Wilkins, Austin, for appellants.

Israel Ramon, Jr., McAllen, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an interlocutory appeal from the denial of a motion to compel arbitration and plea in abatement. Roel Gonzalez sued EZ Pawn Corporation and Dennis Terry (collectively EZ Pawn) for damages after EZ Pawn terminated his employment. EZ Pawn moved to compel arbitration in accordance with a written arbitration agreement between the parties. The trial court denied the motion, and EZ Pawn appeals by seven points of error. We affirm.

Roel Gonzalez began working for EZ Pawn about September 1990. Over a period of time he went from a sales person through the ranks of assistant manager and ultimately to a store manager. On February 22, 1993, he signed an arbitration agreement furnished to him by EZ Pawn. By this agreement, the parties agreed that no civil dispute between them, or any directors, officers, shareholders, managers, or supervisors of EZ Pawn, that related to Gonzalez's employment with EZ Pawn shall be the basis of any complaint in court. Rather, arbitration of one party's claim against the other shall provide the exclusive means of addressing any legally cognizable injury or inequity claimed by either party to arise out of or relate to Gonzalez's employment with EZ Pawn. Gonzalez and EZ Pawn agreed to initiate arbitration

no later than 180 days after any cognizable alleged cause of action accrued. If arbitration was not initiated within that time, then the injury shall not form the basis for any lawsuit or arbitration proceeding, and any civil cause of action which any party could have asserted against the other shall forever be waived.

In April 1993, EZ Pawn terminated Gonzalez's employment. On August 31, 1994, he sued EZ Pawn and Dennis Terry, his supervisor, for damages arising from his termination from EZ Pawn. His assertions included: (1) a negligent hiring, training, and investigation claim; and (2) a discrimination claim based on his alleged handicap and disability. On September 30, 1994, EZ Pawn filed its original answer. On November 2 or 3, 1994, a docket-control conference was held, and a docket-control order set the case for trial on June 26, 1995. On February 16, 1995, Gonzalez filed his first-amended original petition. On March 13, 1995, EZ Pawn filed its first set of interrogatories and its first request for production to Gonzalez. On May 10, 1995, notice of intention to take Gonzalez's oral deposition was filed, and on June 2, 1995, a first-amended notice of intention to take Gonzalez's oral deposition was filed. After the case was set for the June 26, 1995 trial date, EZ Pawn agreed to reschedule the trial for October 23, 1995. However, on June 28, 1995, EZ Pawn filed its "MOTION TO COMPEL ARBITRATION AND PLEA IN ABATEMENT" (Motion to Compel) in which it sought enforcement of the arbitration agreement under the Texas General Arbitration Act and the Federal Arbitration Act. On August 17, 1995, the trial court heard evidence on EZ Pawn's Motion to Compel. Richard Rew, EZ Pawn's assistant general counsel, and Dennis Terry, its area supervisor for the South Texas region, testified at this hearing.

Rew's testimony showed that shortly before the June 29 deposition, he found a file that contained the arbitration agreement. Upon finding the agreement, Rew called EZ Pawn's counsel, Andrew Austin, and asked him to take appropriate steps to try to enforce it. According to Rew, Austin sent a letter to opposing counsel, suggesting that "we call off the deposition. And they need not answer the discovery at that point." Before Rew found the file containing the arbitration agreement, he was not aware of the existence of the agreement.

Dennis Terry's testimony showed that he had supervised Gonzalez. Terry received the arbitration agreements with instruction to offer them to eligible managers, which included Gonzalez. Terry read the arbitration agreement when it was issued to him and presented it to a group of managers. He explained to them that in order to receive stock options in EZ Pawn, they were to sign the arbitration agreement. He allowed them one week to sign and return it. About two or three managers exceeded the deadline by three days. Gonzalez signed and returned the agreement. The agreements were returned to EZ Pawn's home office. Terry did not recall the date that he was made a defendant in this case. However, he was aware that prior to the filing of this suit, Gonzalez had gone to "TEC or EEOC Texas Human Rights Commission" because they sent correspondence to him, and he relayed it to EZ Pawn's home office, Human Resources Department. Terry knew since 1993 that Gonzalez had signed the arbitration agreement; however, he did not bring it up until EZ Pawn or its counsel called him. Terry was contacted after EZ Pawn found the arbitration agreement.

On October 2 and October 3, 1995, the trial court signed orders denying the Motion to Compel. Neither order stated why the court denied the motion. EZ Pawn appeals pursuant to section 171.017(a)(1) of the Texas Civil Practice & Remedies Code.[1]

█ When, as in this case, findings of fact and conclusions of law are not properly requested and none are filed, we must affirm the trial court's judgment if we can uphold it on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977); *Gulf Interstate Eng'g Co. v.*

---

1. Section 171.017(a)(1) provides that a party may take an appeal from an order denying an application to compel arbitration made under the Texas Arbitration Act. TEX.CIV.PRAC. & REM.CODE ANN. § 171.017(a)(1) (Vernon Supp.1996).

*Pecos Pipeline & Producing Co.*, 680 S.W.2d 879, 881 (Tex.App.—Houston [1st Dist.] 1984, writ dism'd). We believe that the trial court could have based its denial of the Motion to Compel on two grounds: 1) waiver of the right to arbitrate; and 2) fraudulent inducement.

By point four, EZ Pawn asserts that the trial court erred in denying arbitration because the record conclusively established that EZ Pawn did not waive its right to arbitration.

■ The initial issue in a motion to compel arbitration is whether an agreement to arbitrate exists. *Houston Lighting & Power Co. v. City of San Antonio*, 896 S.W.2d 366, 370 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). In the instant case, when the trial court heard the Motion to Compel, Gonzalez did not dispute the existence of an arbitration agreement; rather, he argued that EZ Pawn had waived its right to arbitrate under the agreement.

■ The party opposing the enforcement of the arbitration agreement has the burden to show that the claim was not referable to arbitration. *Merrill, Lynch, Pierce, Fenner, & Smith, Inc. v. Longoria*, 783 S.W.2d 229, 231 (Tex.App.—Corpus Christi 1989, orig. proceeding). A party can expressly or impliedly waive a contractual right to arbitrate. *Houston Lighting & Power Co.*, 896 S.W.2d at 370. Whether a waiver of the right to arbitration has occurred depends on the facts of each case. *Merrill, Lynch, Pierce, Fenner & Smith v. Eddings*, 838 S.W.2d 874, 879 (Tex.App.—Waco 1992, writ denied); *Bramcon Gen. Contractors, Inc. v. Wigley Constr. Co.*, 774 S.W.2d 826, 827 (Tex. App.—El Paso 1989, no writ). For a party to waive the right to arbitration, that party must take action inconsistent with its right to arbitration, and this action must prejudice the party claiming waiver. *Houston Lighting & Power*, 896 S.W.2d at 370. Merely delaying one's demand for arbitration is not a waiver of the right to make that demand; the inquiry is whether the delay resulted in prejudice to the other party. *D. Wilson Constr. Co. v. McAllen Indep. School Dist.*, 848 S.W.2d 226, 230 (Tex.App.—Corpus Christi 1992, writ dism'd w.o.j.). We stated in *D.*

*Wilson Construction* that "waiver will be found when the party seeking arbitration 'substantially invokes the judicial process to the detriment or prejudice of the other party.'" *D. Wilson Constr. Co.*, 848 S.W.2d at 230. *See Transwestern Pipeline Co. v. Horizon Oil & Gas Co.*, 809 S.W.2d 589, 592–93 (Tex.App.—Dallas 1991, writ dism'd w.o.j.). *USX Corp. v. West*, 759 S.W.2d 764, 767 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). Actions constituting waiver may include the applicant's engaging in some combination of filing an answer, filing a counterclaim, pursuing discovery, moving for a continuance, and failing to timely request arbitration. *Eddings*, 838 S.W.2d at 879.

■ Whether a party has waived its right to compel arbitration is a question of law. *Central Nat'l Ins. Co. v. Lerner*, 856 S.W.2d 492, 494 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding) (per curiam); *Transwestern Pipeline*, 809 S.W.2d at 592. A strong policy favors enforcing arbitration agreements, and this creates a presumption against waiver of a contractual right to arbitration. *Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436, 438 (Tex.App.—Houston [14th Dist.] 1992, no writ); *USX Corp.*, 759 S.W.2d at 767.

EZ Pawn's assertion on appeal is that it did not take advantage of the judicial process such that it should be prevented from pursuing arbitration. It claims that as soon as it became aware of the arbitration agreement, it immediately sought to enforce arbitration. It denies that it purposefully attempted to delay enforcement of the arbitration agreement to Gonzalez's detriment.

Gonzalez asserted at the trial court level that his injuries and damages were based on discrimination due to a disability and handicap as defined in the Texas Human Rights Act (THRA). He asserted that he had filed an original complaint with the Texas Commission on Human Rights (TCHR) and that on July 1, 1994, he received from the TCHR his notice of right to file a civil action against EZ Pawn within 60 days from the date he received notice.

To invoke a trial court's subject matter jurisdiction to adjudicate a claim under the THRA,[2] the complaining party must first present the claim to the TCHR. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 488 (Tex.1991). If the claim is not presented to the commission, the litigant does not have the right to have the claim adjudicated in a judicial court. *See Schroeder,* 813 S.W.2d at 488. A party must file a complaint with the commission within 180 days after the date the alleged unlawful employment practice occurred; the commission shall dismiss untimely complaints. TEX.LAB.CODE ANN. § 21.202 (Vernon Pamph.1996).

Viewing the evidence in the light most favorable to the trial court's ruling, EZ Pawn knew that Gonzalez was in the process of presenting his claim to the TCHR. The evidence further showed that Terry was acting within the scope of his agency relationship when he presented the arbitration agreement to Gonzalez. Thus, Terry's knowledge that Gonzalez had signed and returned the arbitration agreement was imputed to EZ Pawn. EZ Pawn's counsel may not have known about the arbitration agreement; however, EZ Pawn knew of the agreement at the time Gonzalez signed it (February 22, 1993) or shortly thereafter. This being the case, the trial court could have presumed that EZ Pawn knew of the agreement before Gonzalez filed his claim with the TCHR and before he filed suit. The trial court could have found that EZ Pawn's assertion that it immediately sought to enforce arbitration as soon as it became aware of the arbitration agreement's existence was inconsistent with the evidence presented.

Once Gonzalez filed suit, EZ Pawn filed its answer and pursued discovery. The trial court set the case for trial on June 26, 1995, pursuant to a docket-control order. By agreeing to go to trial, EZ Pawn subjected itself to the trial court's jurisdiction. This militated against EZ Pawn's intention to seek arbitration. EZ Pawn's actions substantially invoked the judicial process and were sufficient to constitute waiver of its right to compel arbitration. *See Eddings,* 838 S.W.2d at

879. EZ Pawn's failure to avail itself of its right to seek arbitration caused detriment to Gonzalez because, according to the arbitration agreement, Gonzalez's claim cannot form the basis for any lawsuit or arbitration proceeding, and any civil cause of action which Gonzalez could have asserted against EZ Pawn is now forever waived.

We hold that sufficient evidence exists to show that EZ Pawn waived the right to arbitration. Therefore, the trial court did not err if it denied the Motion to Compel on this ground. We overrule the point of error.

By point five, EZ Pawn asserts that no evidence exists to show that Roel Gonzalez was coerced or fraudulently induced to sign the arbitration agreement.

Fraud and unconscionability are defenses to the enforcement of an arbitration provision under the Texas General Arbitration Act. *Hearthshire Braeswood Plaza Ltd. Partnership, SMP v. Bill Kelly Co.,* 849 S.W.2d 380, 386 (Tex.App.—Houston [14th Dist.] 1993, writ denied). At the Motion to Compel hearing, Gonzalez's counsel asked the trial court to take judicial notice of all the records on file. The transcript included Gonzalez's affidavit. He stated, in relevant part, that Dennis Terry and his assistant, Manuel Garza, told him to sign the arbitration agreement to enable him to begin the process of getting shares for the company and to continue employment with the company.

The elements of fraud are a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury. *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex.1990), *cert. denied,* 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). In the instant case, Terry's testimony was that Gonzalez had to sign the arbitration agreement in order to receive a stock option. This could be construed as a fraudulent representation in view of the fact that the agreement included an arbitration provision providing that the parties agreed to submit to arbitration any dis-

2. TEX.LAB.CODE ANN. §§ 21.001–21.306 (Vernon    Pamph.1996).

pute arising out of their employment relationship. According to Gonzalez, Terry and Garza told him that he had to sign the agreement to continue his employment. We hold that sufficient evidence exists to show that EZ Pawn fraudulently induced Gonzalez into signing the arbitration agreement. Therefore, the trial court did not err if it denied the Motion to Compel on this ground. We overrule the point of error.

Due to our disposition of these points of error, we need not address the remaining points. TEX.R.APP.P. 90(a).

We AFFIRM the trial court's judgment.