

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00572-CV

**FRITZ MANAGEMENT, LLC**, Fries Restaurant Management, LLC, and Sun Holdings, Inc.,
Appellants

v.

**ALFORTISH CONTRACTORS, LLC**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI07323
Honorable Rosie Alvarado, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: March 29, 2023

REVERSED AND RENDERED; REMANDED WITH INSTRUCTIONS

Appellants Fritz Management, LLC, Fries Restaurant Management, LLC, and Sun Holdings, Inc. challenge the trial court's order denying their motion to compel arbitration. We reverse the trial court's order, render judgment granting the motion to compel arbitration, and remand this cause to the trial court with instructions to stay this litigation pending the outcome of the arbitration proceeding.

## BACKGROUND

In 2015, Fritz, Fries, and entities that are not party to this appeal signed an agreement that permitted Fritz and Fries to take over operation of several restaurants, including one located on Blanco Road in San Antonio. As part of that agreement, Fritz assumed a commercial lease of the Blanco Road property. Appellee Alfortish Contractors, LLC owns the Blanco Road property and signed both the lease Fritz assumed and the assumption agreement. The lease provides that disputes over "any matter arising out of this Lease . . . shall be settled by arbitration pursuant to the rules of the American Arbitration Association[.]"

On April 17, 2020, Alfortish sued Fritz and Fries in Bexar County District Court for breach of contract. It also asserted claims under the Texas Theft Liability Act and for common-law conversion of personal property. Alfortish's original petition alleged that the lease Fritz assumed is "a valid contract between plaintiff and defendants for tenancy of" the Blanco Road property and that both Fritz and Fries had breached the lease by "quit[ting] and abandon[ing] the property" without notifying Alfortish. Alfortish's petition demanded a jury trial. Fritz and Fries filed answers to Alfortish's claims that requested an award of attorney's fees for "defending Plaintiff's claim pursuant to the Texas Theft Liability Act," but did not assert any other affirmative claims or counterclaims. Fritz and Fries did not demand a jury trial.

Alfortish served discovery requests on Fritz and Fries and filed motions to compel discovery responses. Fritz and Fries responded to Alfortish's motions to compel discovery, and Fritz filed a motion to quash a deposition that Alfortish sought. Outside of boilerplate requests for disclosure contained in their answers, the record does not show that Fritz or Fries requested any discovery of their own.

Throughout 2020 and 2021, the trial court signed rulings on Alfortish's motions to compel discovery, an agreed docket control order that set a date for a jury trial, and an agreed protective

order controlling the production and exchange of confidential documents. The court also sent the parties a letter ordering them to participate in mediation "45 days prior to your trial date." Alfortish moved to compel the mediation ordered by the trial court, and at some point—the record does not indicate when—the parties participated in an unsuccessful mediation.

On September 24, 2021, Alfortish amended its petition to add Sun Holdings as a defendant. Like its original petition, Alfortish's amended petition alleged, "There exists a valid contract between plaintiff and defendants for tenancy of" the Blanco Road property. The amended petition further alleged that all three appellants "owned and operated" the restaurant located on the Blanco Road property, "leased the land and building" on Blanco Road, and breached the lease by abandoning the property without notifying Alfortish. Like Fritz and Fries, Sun Holdings filed an answer that requested attorney's fees pursuant to the Theft Liability Act but did not assert any other affirmative claims or demand a jury trial. The record does not show whether Sun Holdings conducted any discovery other than the requests for disclosure contained in its answer.

On January 6, 2022, the trial court signed a second docket control order that, inter alia, set a jury trial in this case for October 10, 2022 and required the parties to complete discovery by September 12, 2022. On August 11, 2022, Alfortish filed a motion for summary judgment on its breach of contract claim against all three appellants. The next day, appellants filed a motion to compel arbitration under the lease's arbitration clause. Alfortish filed a written response arguing that all three defendants had substantially invoked the judicial process and had therefore waived arbitration. After a hearing, the trial court denied the motion to compel arbitration. Appellants timely appealed. On September 9, 2022, we granted appellants' motion to stay the trial court proceedings.

### ANALYSIS

This appeal primarily turns on whether appellants waived arbitration by substantially invoking the judicial process to Alfortish's detriment. Alfortish also briefly contends on appeal that Sun Holdings cannot enforce the arbitration clause.

### *Standard of Review*

"We review a trial court's order denying a motion to compel arbitration for abuse of discretion." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Whether a party waived arbitration through its conduct "is a question of law we review de novo." *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (per curiam). A trial court abuses its discretion when it incorrectly analyzes the law or misapplies the law to undisputed facts. *Olshan Found. Repair Co. v. Ayala*, 180 S.W.3d 212, 214 (Tex. App.—San Antonio 2005, pet. denied).

### *Can Sun Holdings Enforce the Arbitration Clause?*

Because "[a]rbitration is a creature of contract between consenting parties," a party cannot be compelled to arbitrate a claim "absent a binding agreement to do so." *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 629, 632 (Tex. 2018); *see also Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 305 (Tex. 2006). For this reason, a non-signatory generally cannot enforce an arbitration clause in a contract. *See G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 524 (Tex. 2015). Here, Alfortish does not dispute that the lease signed by both Alfortish and Fritz contains a valid arbitration clause. A footnote in Alfortish's appellee's brief suggests, however, that because Sun Holdings is not a signatory to the lease, the record does not show that Alfortish agreed to arbitrate its claims against Sun Holdings.[1]

---

[1] Alfortish did not raise a similar argument regarding Fries, which is also not a signatory to the lease.

Alfortish did not raise this argument in the trial court. "A party that does not challenge the existence of a valid arbitration agreement in the trial court cannot assert that argument for the first time on appeal." *Llano Logistics, Inc. v. Carmona*, No. 07-21-00254-CV, 2022 WL 1123203, at *2 (Tex. App.—Amarillo Apr. 14, 2022, no pet.) (mem. op.). We therefore may not affirm the trial court's ruling based on Alfortish's suggestion that it did not agree to arbitrate its claims against Sun Holdings. *See, e.g.*, *SK Plymouth, LLC v. Simmons*, 605 S.W.3d 706, 720 n.6 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

### *Did the Trial Court Err by Denying the Motion to Compel Arbitration?*

#### *Applicable Law*

Because Alfortish did not dispute the existence of an enforceable arbitration agreement below, it bore the burden to show a valid defense to arbitration. *See, e.g.*, *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001) (orig. proceeding). The only defense Alfortish asserted in the trial court was waiver. To show appellants waived their right to seek arbitration, Alfortish was required to establish: (1) appellants' conduct substantially invoked the judicial process; and (2) Alfortish was prejudiced as a result. *See Henry*, 551 S.W.3d at 115; *Specialty Select Care Ctr. of San Antonio, L.L.C. v. Owen*, 499 S.W.3d 37, 47 (Tex. App.—San Antonio 2016, no pet.).

In Texas, public policy favors arbitration of disputes. *See, e.g.*, *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008). Consequently, "there is a strong presumption against finding that a party has waived its right to arbitration; the burden to prove waiver is thus a heavy one." *Nw. Constr. Co., Inc. v. Oak Partners, L.P.*, 248 S.W.3d 837, 847 (Tex. App.—Fort Worth 2008, pet. denied).

Merely participating in litigation is not a substantial invocation of the judicial process that will waive a party's right to arbitrate. *See, e.g.*, *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (orig. proceeding) (per curiam). "To substantially invoke the judicial process, a party

must make a specific and deliberate act after suit is filed that is inconsistent with its right to arbitrate, such as engaging in extensive discovery or requesting a jury." *Nw. Constr. Co.*, 248 S.W.3d at 848. Whether a party has substantially invoked the judicial process to the extent that it waived its right to arbitrate must be decided on a case-by-case basis after considering the totality of the circumstances. *G.T. Leach*, 458 S.W.3d at 512. Relevant factors include:

- the length of the movant's delay in seeking to compel arbitration;

- any reasons for the delay;

- whether the movant was aware of the arbitration agreement during the period of delay;

- the amount of discovery the movant conducted before seeking to compel arbitration and whether that discovery related to the merits;

- whether the movant sought a judicial disposition on the merits;

- whether the movant pleaded affirmative claims or counterclaims in court;

- the extent to which the movant engaged in pretrial matters on the merits of the case as opposed to matters related to arbitrability or jurisdiction;

- the time and expense the parties dedicated to litigating the dispute in court;

- whether any discovery obtained would be useful or available in arbitration;

- whether arbitration would duplicate activity already completed in the judicial process; and

- the anticipated trial date, if any.

*Id.* "[I]n close cases, the 'strong presumption against waiver' should govern." *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008). "Any doubts regarding waiver are resolved in favor of arbitration." *Nw. Constr.*, 248 S.W.3d at 847.

*Application*

Appellants did not move to compel arbitration until twenty-eight months after Alfortish sued Fritz and Fries and eleven months after Alfortish sued Sun Holdings. "Courts have found

waiver based on shorter periods of delay." *Courtright v. Allied Custom Homes, Inc.*, 647 S.W.3d 504, 517 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (considering twenty-six-month delay in light of cases finding waiver after delays of six, thirteen, fourteen, and twenty-three months). Because Fritz signed the lease containing the arbitration clause, we must presume it was aware of that clause's existence. *See, e.g.*, *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (per curiam). Moreover, because the lease containing the arbitration clause was attached to Alfortish's original petition, Fries had an opportunity to read that clause at the outset of this case. *Cf. id.* Nevertheless, appellants have offered no explanation for their delay in invoking the arbitration clause. Additionally, appellants did not move to compel arbitration until two months before the trial date set by the most recent docket control order. *See IBS Asset Liquidations LLC v. Servicios Multiples Del Norte SA de CV*, 419 S.W.3d 573, 575 (Tex. App.—San Antonio 2013, pet. denied) (concluding movants substantially invoked judicial process where, among other factors, they did not move to compel arbitration until "approximately five months before trial was set to commence"). Finally, appellants' answers requested attorney's fees for defending against Alfortish's Theft Liability Act claim. *See Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 40 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (concluding movants' request for attorney's fees was one of several factors showing invocation of judicial process). These facts, while not dispositive, weigh in favor of a conclusion that appellants substantially invoked the judicial process.

However, other facts of this case weigh against a conclusion that appellants substantially invoked the judicial process. While Alfortish relies heavily on appellants' delay in requesting arbitration, "mere delay in moving to compel arbitration is not enough for waiver." *Richmont Holdings, Inc. v. Superior Recharges Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014) (per curiam). Although a twenty-eight-month delay is unquestionably significant, one of our sister courts held

that a delay of the same length was "by itself . . . insufficient to waive the right to arbitrate." *Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co., Inc.*, 475 S.W.3d 436, 452 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Furthermore, the record shows appellants are in court because Alfortish sued them, not because they chose that forum. *See id.*; *see also G.T. Leach*, 458 S.W.3d at 512. Other than their request for attorney's fees, appellants did not file any affirmative claims or counterclaims. *Cf. Okorafor*, 295 S.W.3d at 40 (movants substantially invoked judicial process by filing "six counterclaims, several claims for declaratory relief, and requests for attorney's fees and sanctions"). Before appellants moved to compel arbitration, the only relief any of them actively sought from the trial court was: (1) an agreed protective order that was jointly requested by Alfortish, Fritz, and Fries; and (2) Fritz's request for an order quashing a deposition. *See G.T. Leach*, 458 S.W.3d at 513 ("A party's litigation conduct aimed at defending itself . . . does not amount to substantial invocation of the judicial process."); *Transwestern Pipeline Co. v. Horizon Oil & Gas Co.*, 809 S.W.2d 589, 593 (Tex. App.—Dallas 1991, writ dism'd w.o.j.) (seeking protective order did not substantially invoke judicial process). Although appellants agreed to docket control orders setting a trial date, we have noted that "the entry of a scheduling order does not constitute an affirmative waiver" of arbitration. *FW Servs. Inc. v. McDonald*, No. 04-19-00331-CV, 2020 WL 444400, at *3 (Tex. App.—San Antonio Jan. 29, 2020, no pet.) (mem. op.). We do not believe a different conclusion is warranted where, as here, the parties seeking arbitration did not affirmatively request a jury trial or previously indicate any opposition to arbitration. *See id.*; *cf. Perry Homes*, 258 S.W.3d at 596 (totality of the circumstances showed waiver where movants actively opposed arbitration until "very late in the trial process").[2]

---

[2] Alfortish contends the *Courtright* court held that the movants in that case substantially invoked the judicial process by joining a request for an agreed docket control order that included a trial date. This assertion omits relevant details

While the record shows Fritz and Fries responded to—or, in some cases, failed to respond to—Alfortish's discovery requests, it also appears to show they requested little discovery of their own other than initial disclosures required by the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 194.1, 194.2. There is no indication that Sun Holdings sent any discovery responses or requests other than its initial requests for disclosure.[3] *See id.*; *see also Richmont Holdings*, 455 S.W.3d at 576; *In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694–95 (Tex. 2008) (orig. proceeding) (per curiam). Although Alfortish urges us to conclude Fritz substantially invoked the judicial process by "completely ignor[ing] and evad[ing] the discovery rules" and "caus[ing] Alfortish to repeatedly incur additional expense and expend additional labor to compel responses and witnesses," we decline to hold that Alfortish's decisions to seek judicial resolution of discovery disputes are evidence of Fritz's invocation of the judicial process. *Cf. In re Vesta Ins. Grp.*, 192 S.W.3d at 763 (refusing to find waiver where non-movant "sent far more discovery requests than he received" and his "pre-trial costs were largely self-inflicted"). And, in any event, Alfortish has not shown that any of the discovery it obtained would be unusable or unavailable in arbitration. *See id.* Nor has Alfortish presented any evidence of "the amount of time and expense" it incurred as result of those discovery disputes. *See G.T. Leach*, 458 S.W.3d at 512.

The record also shows that appellants participated in a mediation ordered by the trial court. However, neither settlement negotiations nor mediation constitute a substantial invocation of the

---

of *Courtright*'s facts. The *Courtright* court noted the movants had filed, inter alia, "a motion to quash deposition upon written questions, a second amended petition demanding a jury trial, a motion to compel receiver[,] a response to the [non-movants'] first amended partial summary judgment motion, [a] designation of expert witnesses on its affirmative claims [and] *also* joined in [the non-movants'] request for entry of an agreed docket control order and a March 2021 trial setting." *Courtright*, 647 S.W.3d at 518 (emphasis added). Notably, the movants who sought arbitration in *Courtright* were also the plaintiffs who initially filed the lawsuit. *Id.* at 517.

[3] When Alfortish filed its original petition and Fritz and Fries filed their answers in the spring of 2020, Rule 194.1 provided that disclosure of certain categories of information was required upon request. TEX. R. CIV. P. 194.1 (amended 2021). By the time Alfortish amended its petition in September of 2021 to include Sun Holdings as a defendant, the Texas Supreme Court had amended Rule 194.1 to require litigants to disclose certain categories of information "without awaiting a discovery request." TEX. R. CIV. P. 194.1 (current version).

judicial process because they are not "inconsistent with a desire to arbitrate." *Cooper Indus.*, 475 S.W.3d at 451. And while Alfortish sought a judicial disposition on the merits, appellants did not. *See G.T. Leach*, 458 S.W.3d at 513; *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding) (per curiam). Moreover, nothing in the record supports a conclusion that appellants sought arbitration because they had received an adverse judicial ruling.[4] *Cf. Pounds v. Rohe*, 592 S.W.3d 549, 556 (Tex. App.—Houston [1st Dist.] 2019, no pet.) ("Waiting to seek arbitration until after receiving an adverse ruling on the merits in litigation is perhaps the clearest type of conduct that is inconsistent with the right to arbitrate."). Nor does the record otherwise show this is a case "in which a party who has tried and failed to obtain a satisfactory result in court then turns to arbitration." *In re Bruce Terminix Co.*, 988 S.W.2d at 704.

Finally, appellants moved to compel arbitration approximately two months before the date set for trial in this case. Under other circumstances, this timing might support a claim that appellants sought arbitration "on the eve of trial." *See Citizens Nat'l Bank v. Bryce*, 271 S.W.3d 347, 357 (Tex. App.—Tyler 2008, no pet.). In this case, however, nothing in the record suggests discovery was complete or close to complete when appellants moved to compel arbitration; to the contrary, the docket control order's deadline to finish discovery had not yet passed. *Cf. id.* (finding waiver where "most of [movant's] discovery was complete" before it sought arbitration); *cf. also Perry Homes*, 258 S.W.3d at 596 (same). For that reason, we do not believe the circumstances of this case show appellants waited until the eve of trial to seek arbitration. *See Kennedy Hodges*, 433 S.W.3d at 545 ("We decide waiver on a case-by-case basis by assessing the totality of the circumstances.").

---

[4] Alfortish contends appellants sought arbitration because they anticipated an adverse ruling on Alfortish's motion for summary judgment. This argument asks us to consider how the trial court might have ruled on a dispositive motion to which appellants never responded and which is not the subject of this appeal. We decline to do so.

After reviewing the totality of the circumstances, we cannot say Alfortish satisfied its heavy burden to show appellants substantially invoked the judicial process. *See id.*; *Specialty Select Care Ctr.*, 499 S.W.3d at 47. At most, this case presents a close call that requires us to defer to "the strong presumption against waiver[.]" *Perry Homes*, 258 S.W.3d at 593 (internal quotation marks omitted). We therefore sustain appellants' first issue and hold the trial court abused its discretion by denying the motion to compel arbitration. *See Specialty Select Care Ctr.*, 499 S.W.3d at 47–48. Because our resolution of appellants' first issue is dispositive, we need not consider appellants' argument that Alfortish failed to established prejudice. *See id.* at 47; *see also* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's order denying the motion to compel arbitration and render judgment granting the motion. *See FW Servs.*, 2020 WL 444400, at \*1. We remand this cause to the trial court with instructions to stay this litigation pending the outcome of the arbitration proceeding. *See id.*

Beth Watkins, Justice