COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-159-CV
  
  
PALLADIAN 
BUILDING COMPANY, INC.                                   APPELLANT
AND 
NORTEX FOUNDATION DESIGNS, INC.                        AND 
APPELLEE
  
V.
   
NORTEX 
FOUNDATION DESIGNS, INC.                                       APPELLEE
AND 
PALLADIAN BUILDING COMPANY, INC.                    AND 
APPELLANT
 
  
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        In 
this case of first impression, Palladian Building Company, Inc. (Palladian) 
appeals from a judgment dismissing its suit without prejudice against Nortex 
Foundation Designs, Inc. (Nortex), a design professional, because Palladian did 
not provide an affidavit of a third-party professional engineer as required by 
statute.[1]  Nortex cross-appeals contending the 
dismissal should have been “with prejudice.” We affirm.
BACKGROUND
        This 
case concerns a dismissal of Palladian’s case under Chapter 150 of the Texas 
Civil Practice and Remedies Code which was enacted effective September 1, 
2003.  See id.  This chapter pertains to a lawsuit against a 
”design professional,” which means “a registered architect or licensed 
professional engineer.”  Id. § 150.001.  The chapter 
specifies that when a plaintiff files a petition[2] 
alleging professional negligence by a design professional, the plaintiff must 
contemporaneously file an affidavit of a third-party design professional setting 
forth at least one negligent act, error, or omission claimed to exist and the 
factual basis for each claim.  Id. § 150.002 (a), (b).  The 
entirety of section 150.002 provides as follows:
        § 150.002. Certificate of Merit
(a) In any action for damages alleging professional 
negligence by a design professional, the plaintiff shall be required to file 
with the complaint an affidavit of a third-party registered architect 
or licensed professional engineer 
competent to testify and practicing in the same area of practice as the 
defendant, which affidavit shall set forth specifically at least one negligent 
act, error, or omission claimed to exist and the factual basis for each such 
claim.  The third-party professional engineer or registered architect shall 
be licensed in this state and actively engaged in the practice of architecture 
or engineering.
 
(b) 
The contemporaneous filing requirement of Subsection (a) shall not apply to any 
case in which the period of limitation will expire within 10 days of the date of 
filing and, because of such time constraints, the plaintiff has alleged that an 
affidavit of a third-party registered architect or professional engineer could 
not be prepared.  In such cases, the plaintiff shall have 30 days after the 
filing of the complaint to supplement the pleadings with the affidavit.  
The trial court may, on motion, after hearing and for good cause, extend such 
time as it shall determine justice requires.
 
(c) 
The defendant shall not be required to file an answer to the complaint and 
affidavit until 30 days after the filing of such affidavit.
 
(d) The plaintiff’s failure to file the affidavit in 
accordance with Subsection (a) or (b) may result in dismissal with prejudice of 
the complaint against the defendant.
 
(e) 
This statute shall not be construed to extend any applicable period of 
limitation or repose.
  
Tex. Civ. Prac. & Rem. Code Ann. § 
150.002 (emphasis added).
        On 
October 1, 2003, Palladian filed its original petition against Nortex, an 
engineering firm that the parties agree meets section 150.001's definition of a 
design professional; Palladian filed its amended petition on February 9, 
2004.  At the time it filed its original petition and its amended petition, 
Palladian did not file the required expert’s affidavit.
        After 
Nortex filed its answer, it filed a motion to dismiss Palladian’s petition 
pursuant to section 150.002(d).  On April 7, 2004, Palladian responded by 
stating that its failure to file the required affidavit was an oversight and not 
intentional.  Palladian did not tender the expert’s affidavit, but 
requested additional time to amend its petition and provide the required 
affidavit.  Palladian also asserted that Nortex had waived its right to 
move for dismissal because it had filed its original answer when section 150.002 
did not require it to do so, and because Nortex had engaged in discovery and 
sought affirmative relief by filing two motions for summary judgment.[3]
        On 
April 23, 2004, the trial court signed its judgment granting Nortex’s motion 
and dismissing Palladian’s case.[4]  Although 
Nortex sought a dismissal with prejudice, the trial court’s judgment dismissed 
without prejudice to refiling by Palladian.
        The 
trial court’s judgment recites that on April 8, 2004, the court considered 
Nortex’s motion to dismiss, the evidence, and argument of 
counsel.  The appellate record does not indicate if an actual hearing was 
held on Nortex’s motion to dismiss, although there is a handwritten notation 
on the face of the motion stating “30 min.  Set 4/8/04 @2 PM [unreadable 
abbreviation] 4/1/04 MB.”[5]  Additionally, 
Nortex’s appellate brief recites that a hearing was held on its motion to 
dismiss, that Palladian did not present any evidence at the hearing, and that 
Palladian did not request that a court reporter record the hearing.[6]  We cannot determine from the record whether the 
“evidence” that the trial court considered consisted of the two exhibits 
attached to Nortex’s motion to dismiss or was evidence presented at a hearing 
on the motion.  The trial court was not requested to and did not file 
findings of fact and conclusions of law.[7]
PROPRIETY OF DISMISSAL
Standard 
of Review
        The 
parties agree that we review the trial court’s dismissal of Palladian’s suit 
under an abuse of discretion standard.  See Am. Transitional Care 
Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001) (holding 
trial court’s dismissal of case under former article 4591i was reviewed for 
abuse of discretion); Roberts v. Padre Island Brewing Co., 28 S.W.3d 618, 
619-20 (Tex. App.—Corpus Christi 2000, pet. denied); Mercure Co., N.V. v. 
Rowland, 715 S.W.2d 677, 680 (Tex. App.—Houston [1st Dist.] 1986, writ 
ref’d n.r.e.).
        To 
determine whether a trial court abused its discretion, we must decide whether 
the trial court acted without reference to any guiding rules or principles; in 
other words, whether the act was arbitrary or unreasonable.  Downer v. 
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. 
denied, 476 U.S. 1159 (1986).  Merely because a trial court may decide 
a matter within its discretion in a different manner than an appellate court 
would in a similar circumstance does not demonstrate that an abuse of discretion 
has occurred.  Id.
        An 
abuse of discretion does not occur where the trial court bases its decisions on 
conflicting evidence.  Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 
1978); see also Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997).  
Furthermore, an abuse of discretion does not occur as long as some evidence of 
substantive and probative character exists to support the trial court’s 
decision.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 
2002).
Did Nortex 
waive its right to seek a dismissal under section 150.002?
        Palladian 
contends that Nortex waived its right to complain that Palladian failed to file 
the required expert’s affidavit because Nortex substantially invoked the 
judicial process prior to filing its motion to dismiss.  Waiver is an 
intentional relinquishment of a known right or intentional conduct inconsistent 
with claiming that right.  Jernigan v. Langley, 111 S.W.3d 153, 156 
(Tex. 2003); Sun Exploration and Prod. Co. v. Benton, 728 S.W.2d 35, 37 
(Tex. 1987).  Although waiver is ordinarily a question of fact, when the 
facts and circumstances are admitted or clearly established, the question 
becomes one of law.  Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers 
Ass’n, Inc., 1 S.W.3d 108, 111 (Tex. 1999).  There can be no waiver 
of a right if the person sought to be charged with waiver says or does nothing 
inconsistent with an intent to rely upon such right.  Jernigan, 111 
S.W.3d at 156; Maryland Cas. Co. v. Palestine Fashions, Inc., 402 S.W.2d 
883, 888 (Tex. 1966).
        Palladian 
acknowledges there is no caselaw to support its contention that the doctrine of 
waiver applies to a dismissal sought under section 150.002, but Palladian 
analogizes the facts of the instant case to cases involving arbitration that 
have held that a party has waived its right to compel arbitration by 
substantially invoking the judicial process.[8]
        Palladian 
argues that Nortex voluntarily filed numerous documents and sought affirmative 
relief in the trial court, and therefore the doctrine of waiver applies so as to 
preclude Nortex from complaining of Palladian’s non-compliance with section 
150.002.  Specifically, Palladian argues that Nortex filed an original and 
an amended answer before it was required to do so under section 150.002(c), 
responded to interrogatories, propounded requests for production, responded to 
requests for production, propounded requests for disclosures, responded to 
requests for disclosure, noticed and deposed Palladian’s corporate 
representative, and filed two motions for summary judgment.
        If 
our analysis of Palladian’s waiver argument could be based solely on a review 
of documents contained in the trial court’s file that are included in the 
clerk’s record on appeal, it would be irrelevant that a reporter’s record 
has not been filed from any hearing held on Nortex’s motion to dismiss.  
However, although the clerk’s record on appeal contains Nortex’s original 
and amended answers, it does not contain any of the other documents that 
Palladian relies upon in support of its assertion that Nortex had sought 
affirmative relief and substantially invoked the judicial process in the trial 
court, and had therefore waived its right to seek dismissal.[9]  
We are not permitted to consider unsworn statements in an appellate brief 
regarding the procedural history of the case in the trial court, unsupported by 
documents in the appellate record.
        We 
conclude it was not unreasonable or inconsistent for Nortex to elect to file an 
original or amended answer prior to filing its motion to dismiss for 
Palladian’s failure to file the required expert’s affidavit.  Without 
determining whether a plaintiff may in fact assert the doctrine of waiver in 
response to a defendant’s motion to dismiss under section 150.002, we hold 
that based upon the appellate record in this case Nortex took no action that 
would preclude it from seeking dismissal of Palladian’s lawsuit.
Did the 
dismissal constitute the equivalent of a death penalty sanction that violated 
TransAmerican Natural Gas Corp.[10] and was 
therefore an abuse of discretion?

        Section 
150.002(d) provides that a plaintiff’s failure to file the required expert’s 
affidavit “may result in dismissal with prejudice.” Tex. Civ. Prac. & Rem. Code Ann. § 
150.002(d) (emphasis added).  This is directory language that gives a trial 
court discretion in determining whether it is appropriate to dismiss a 
plaintiff’s case when an expert’s affidavit is not filed by plaintiff.  
See Tex. Gov’t Code Ann. 
§ 311.016 (Vernon 2005) (Code Construction Act specifies that "’May’ 
creates discretionary authority or grants permission or a power.”).
        Palladian 
contends we must review the trial court’s dismissal judgment to determine if 
there is a direct relationship between Palladian’s offensive conduct and the 
sanction imposed, and whether the sanction is excessive.  However, because 
we do not have a reporter’s record from any hearing held on Nortex’s motion 
to dismiss, we cannot review what occurred at the hearing.  Without a 
record of the evidence and argument presented to the trial court, we are unable 
to conclude that the trial court abused its discretion in exercising its 
discretionary power to dismiss Palladian’s suit.
Conclusion
        We 
hold the trial court did not abuse its discretion in dismissing Palladian’s 
suit against Nortex because Palladian failed to file the affidavit required by 
section 150.002.  We overrule Palladian’s sole issue.
DISMISSAL WITH OR WITHOUT PREJUDICE?
        Section 
150.002(d) provides that “[t]he plaintiff’s failure to file the affidavit in 
accordance with Subsection (a) or (b) may result in dismissal with prejudice of 
the complaint against the defendant.”  Tex. Civ. Prac. & Rem. Code Ann. § 
150.002(d).[11]  The trial court dismissed 
Palladian’s case against Nortex without prejudice.  In its sole issue on 
cross-appeal, Nortex contends that under the plain meaning of section 
150.002(d), once the trial court exercised its discretion and determined that 
dismissal of Palladian’s suit was appropriate, the case must be dismissed with 
prejudice because the statute does not give the trial court any other option.
Standard 
of Review
        The 
parties disagree regarding the standard of review we should apply when analyzing 
Nortex’s argument that the trial court should have dismissed Palladian’s 
lawsuit with prejudice.  Nortex argues that matters of statutory 
construction are questions of law to which appellate courts apply a de novo 
standard of review.  Palladian disagrees and contends we must determine 
whether the trial court abused its discretion in dismissing without 
prejudice.  Palladian argues that the specific language of section 
150.002(d)—“may dismiss with prejudice”—necessarily implies that the 
trial court had discretion to dismiss with or without prejudice.
        We 
agree with Nortex that statutory construction is a question of law that we 
review de novo.  See Tex. Dep’t of Transp. v. Needham, 
82 S.W.3d 314, 318 (Tex. 2002).  However, once we determine the proper 
construction of the statute, we must then review whether the trial court abused 
its discretion in the manner in which it applied the statute to the instant 
case.
        Our 
primary goal in construing a statute is to ascertain and effectuate the 
legislature's intent, see Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 
960 (Tex. 1999), which we determine from the plain and common meaning of the 
actual language used.  See In re Am. Homestar of Lancaster, Inc., 50 
S.W.3d 480, 486-87 (Tex. 2001) (orig. proceeding).  We should read every 
word, phrase, and expression in a statute as if it were deliberately 
chosen.  Calstar Props., L.L.C. v. City of Fort Worth, 139 S.W.3d 
433, 438 (Tex. App.—Fort Worth 2004, no pet.).  Every word of a statute 
must be presumed to have been used for a purpose; likewise, every word excluded 
from a statute must also be presumed to have been excluded for a purpose.  Laidlaw 
Waste Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 659 (Tex. 
1995).  Only when it is necessary to give effect to the clear legislative 
intent can we insert additional words into a statutory provision.  See 
Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 552 (Tex. 1981).
Discussion
        Although 
Nortex in its briefs and in oral argument discussed what it believed the 
legislature intended when it enacted section 150.002 (to thwart frivolous suits 
against design professionals), it does not cite us to any legal reference, 
legislative history, or other authoritative comments in support of its 
argument.  Palladian acknowledged in oral argument that no legislative 
history exists regarding the legislature’s intent in enacting the statute, and 
that the statute itself does not reflect its purpose or include a stated policy.
        As 
discussed earlier in this opinion, the legislature used directory language when 
it provided that failure to file the required expert’s affidavit “may result 
in dismissal with prejudice.”  Obviously, the trial court has broad 
discretion in determining whether dismissal of a plaintiff’s case is 
appropriate.  Once the trial court exercises this discretion and determines 
that dismissal is warranted, the statute is worded so as to permit but not 
require that the dismissal be with prejudice.  Applying the applicable 
rules of statutory construction, we conclude that the statute may be construed 
to give a trial court authority to dismiss with or without prejudice.  If 
the legislature had intended to mandate that the trial court only dismiss with 
prejudice, the statute could easily have been so worded; therefore, we presume 
the legislature had a purpose when it used the words “may result in 
dismissal with prejudice.”  [Emphasis added.]
Conclusion
        We 
hold the trial court did not abuse its discretion in dismissing Palladian’s 
suit against Nortex without prejudice.  See Tex. Civ. Prac. & Rem. Code Ann. § 
150.002(d).  Accordingly, we overrule Nortex’s sole issue.
CONCLUSION
        Because 
we have overruled the issues of both appellants, we affirm the judgment of the 
trial court.
   
   
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
   
  
PANEL 
A: CAYCE, C.J.; HOLMAN and WALKER, JJ.
 
DELIVERED: 
May 5, 2005


NOTES
1.  
See Tex. Civ. Prac. & Rem. 
Code Ann. §§ 150.001-.002 (Vernon 2005).
2.  
The statute states the plaintiff must file the expert’s affidavit with the 
filing of plaintiff’s “complaint.”  We interpret the statute to 
pertain to the filing of plaintiff’s “petition,” which commences a civil 
suit.  See Tex. R. Civ. P. 
22 (“A civil suit in the district or county court shall be commenced by a 
petition filed in the office of the clerk.”).
3.  
Nortex’s motion to dismiss attached two exhibits: a copy of section 150.002 
and the affidavit of Robert Lemke, president of Nortex, stating Nortex is a 
professional engineering firm and concluding he has reviewed Palladian’s 
petition and does not find the required affidavit. Palladian’s response did 
not attach any exhibits.  Neither Nortex’s motion to dismiss nor 
Palladian’s response to the motion to dismiss were verified.
4.  
Palladian did not file a motion for new trial and acknowledged in oral argument 
before this court that it never submitted an expert’s affidavit to the trial 
court.
5.  
The trial court’s docket sheet does not reflect whether a hearing was 
held.  The docket sheet recites: “4/8/04 Motion to Dismiss Chapter 150 
TPRC.[;] 4/12/04 Dismiss Granted [judge’s initials;] 4-23-04 Order Granting 
Defts. M.to Dsms. s/[judge’s initials].”
6.  
The appellate record does not contain any request by Palladian that the court 
reporter prepare a reporter’s record for filing in this court.  See 
Tex. R. App. P. 34.6(b). On the 
docketing statements filed by the parties, each party has checked the box 
“None” following “Reporter’s or Recorder’s Record.”  This could 
be construed to mean no reporter’s record exists because there was no hearing 
held on Nortex’s motion, or a hearing was held but it was not recorded by the 
court reporter.
7.  
We do not intend to imply that findings of fact and conclusions of law are 
required following a dismissal under section 150.002. Rather, findings of fact, 
although not required, can properly be considered by the appellate court in an 
appeal from any judgment based in any part on an evidentiary hearing.  See 
IKB Indus. (Nigeria) v. Pro-Line Corp., 938 S.W.2d 440, 443 (Tex. 1997); see 
also Int’l Union v. General Motors Corp., 104 S.W.3d 126, 128-29 (Tex. 
App.—Fort Worth 2003, no pet.) (holding findings and conclusions are 
appropriate following evidentiary hearing if trial court is called upon to 
determine questions of fact based on conflicting evidence but not where trial 
court rules without determining questions of fact); Samuelson v. United 
Healthcare of Tex., Inc., 79 S.W.3d 706, 710 (Tex. App.—Fort Worth 2002, 
no pet.) (holding that where abuse of discretion standard of review applies to a 
trial court's ruling, findings of fact and conclusions of law, while helpful, 
are not required).
8.  
Palladian cites the following cases that deal with waiver in the context of 
arbitration: In re Bruce Terminix Co., 988 S.W.2d 702 (Tex. 1998) (orig. 
proceeding); In re Winter Park Constr., Inc., 30 S.W.3d 576 (Tex. 
App.—Texarkana 2000, orig. proceeding); EZ Pawn Corp. v. Gonzalez, 921 
S.W.2d 320 (Tex. App.—Corpus Christi 1996, writ denied); Marble Slab 
Creamery, Inc. v. Wesic, Inc., 823 S.W.2d 436 (Tex. App.—Houston [14th 
Dist.] 1992, no writ).
9.  
Additionally, Palladian’s request to the trial court clerk to include items in 
the appellate record did not contain a request for any of these items.  See 
Tex. R. App. P. 34.5(b)(1).
10.  
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 918 (Tex. 
1991)(orig. proceeding).
11.  
Compare section 150.002(d) with section 74.351(b) of the Texas 
Civil Practice and Remedies Code which provides that if a plaintiff in a health 
care liability case fails to timely submit an expert report, the trial court 
“shall . . . enter an order that . . . dismisses the claim with respect to the 
physician or health care provider, with prejudice to the refiling of the 
claim.”  Tex. Civ. Prac. & Rem. 
Code Ann. §§ 150.002(d), 74.351(b) (Vernon 2005).